UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEANNE NARANEN | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| VIKING COLLECTION SERVICES, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Leanne Naranen, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Leanne Naranen is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Leanne Naranen, is an adult natural person residing at P.O. Box 161, Parkdale, OR 97041. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Viking Collection Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Oregon and the State of Minnesota with an office located at 7500 Office Ridge Circle, Suite100, Eden Prairie, MN 55344 and a registered address of 140 Sylvan Ave, Englewood Cliffs, NJ 07632.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around October 17, 2010, the Plaintiff began receiving daily phone calls from the Defendant regarding an alleged debt from Chase Bank.

8. As a result of the initial contact from the Defendant, the Plaintiff checked her credit report and noticed that on or around October 5, 2010, the Defendant made an inquiry into the Plaintiff's credit report before ever contacting the Plaintiff.

9. The Defendant has left messages on the Plaintiff's machine that did not state the name of the Defendant or the fact that the call was regarding an alleged debt. The Defendant's agent left the message to sound as if it were an old friend of the Plaintiff's trying to get in touch with her.

10. The Plaintiff has tried to contact the number left on her machine by the Defendant only to be transferred directly to an answering machine which also failed to identify the name of the Defendant.

11. The Plaintiff then received an email from her estranged sister who informed the Plaintiff that both she and the Plaintiff's estranged father had been contacted relentlessly by the Defendant regarding the Plaintiff's alleged debt, neither of whom the Plaintiff had spoken with in over 10 years.

12. The Defendant's agent, "Jennifer Jensen," contact the Plaintiff's sister on her cell phone stating that the Plaintiff needed to call the Defendant right away.

13. The Plaintiff's sister received at least four or five phone calls from the Defendant. The Plaintiff's sister has told the Defendant to stop calling and has also called the number left by the Defendant and left messages stating the same.

14. The Plaintiff does not understand how the Defendant got the Plaintiff's sisters contact information since they do not even share the same last name.

15. The Plaintiff's sister had also informed the Plaintiff that the Defendant had contacted the Plaintiff's estranged father several times as well.

16. The Defendant informed the Plaintiff's father that the Defendant was calling in regard to an alleged debt owed by the Plaintiff and that the Plaintiff was in serious trouble and needed to get a hold of the Plaintiff immediately.

17. On or around October 13, 2010, the Plaintiff researched the phone number to the Defendant on the internet because the numbers the Defendant had left on the voicemail lead the Plaintiff to nothing.

18. The Plaintiff was able to finally speak to an agent of the Defendant named, "Chris Campbell," who was very rude and kept asking if she was Leanne Naranen when the Plaintiff clearly told the agent in the beginning of the call.

19. Agent "Chris Campbell," continued to ask the Plaintiff for the Plaintiff's social security number which the Plaintiff refused to give since she had no information on the Defendant.

20. The Plaintiff asked the Defendant's agent for the name of the Defendant and the address to verify who the Plaintiff was talking with but the agent refused to give the Plaintiff any information about the Defendant until she gave her social security number which the Plaintiff did not feel comfortable doing.

21. The Defendant's agent told the Plaintiff that the Defendant did not need to tell the Plaintiff anything and that, "you can cry like a little bitch all you want."

22. The Plaintiff told the Defendant to send information regarding the alleged debt through the mail and to stop calling.

23. On or around October 21, 2010, the Plaintiff finally received a letter from the Defendant through the mail which was dated on October 5, 2010 which the Plaintiff believes was sent to the wrong address originally.  **See Exhibit "A" attached hereto.**

24. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |

| | | |
|---|---|---|
| §§ 1692c(a)(1): | | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | | Profane language or other abusive language |
| §§ 1692d(6): | | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(7): | | Consumer committed any crime or other conduct in order to disgrace the consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Viking Collection Services, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                    **Respectfully submitted,**

                                                    **WARREN & VULLINGS, LLP**

**Date:  November 2, 2010**            **BY:** _/s/  Bruce K. Warren_
                                                    Bruce K. Warren, Esquire

                                                    **BY:** _/s/  Brent F. Vullings_
                                                    Brent F. Vullings, Esquire

                                                    Warren & Vullings, LLP
                                                    1603 Rhawn Street
                                                    Philadelphia, PA  19111
                                                    215-745-9800    Fax 215-745-7880
                                                    Attorneys' for Plaintiff